UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL S. SPAULDING, Son and Administrator of the Estate of Michael Calvin Spaulding, Deceased, *et al.*, | ) ) ) ) | CASE NO. 5:16-cv-1748 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| ISLAMIC REPUBLIC OF IRAN, | ) ) | **(Including Findings of Fact and Conclusions of Law on Damages)** |
| DEFENDANT. | ) | |

On August 1, 2018, the Court conducted a hearing on the question of damages in the above-captioned case, having previously entered judgment in plaintiffs' favor against the defaulting defendant Islamic Republic of Iran ("Iran") on the question of liability for the wrongful death of plaintiffs' decedent. (*See* Doc. No. 37 (Memorandum Opinion and Order) ["MOO"].[1])

## I. INTRODUCTION

As previously stated in the MOO (which is fully incorporated herein, by reference):

> This action was brought by the Administrator of the Estate of Michael Calvin Spaulding[1] ("the decedent") under 28 U.S.C. § 1605A, the so-called "terrorism exception" contained in the Foreign Sovereign Immunities Act of 1976 ("FSIA"), to recover wrongful death damages for the benefit of the decedent's surviving spouse and children. The decedent was a U.S. Marine, one of the many victims of the October 23, 1983 suicide bombing attack on the U.S. Marine Headquarters in Beirut, Lebanon ("the Beirut barracks bombing"). Although the complaint originally named three defendants, two were voluntarily dismissed by plaintiffs on November 21, 2017. (*See* Doc. No. 26.) The only remaining defendant is Iran, whose default has been noted by the clerk. (*See* Doc. No. 22.)[2]
>
> [1] *See* certified copy of Letters of Authority for Michael S. Spaulding, Administrator of the Estate of Michael C. Spaulding. (Welling Decl. [Doc. No. 29] ¶ 4 and attachment.)

---

[1] *Spaulding v. Islamic Republic of Iran*, No. 5:16-CV-1748, 2018 WL 3235556 (N.D. Ohio July 2, 2018).

> [2] Diplomatic channels were used to attempt to serve Iran with the summons, complaint, and notice of suit (and appropriate translations) on February 19, 2017, but "the Iranian Ministry of Foreign Affairs refused its acceptance." (See Doc. No. 18 at 141, 144.)

(MOO at 478-79, footnotes in original.)[2]

The Court further made findings of fact and reached conclusions of law relating to several issues, most notably, the issue of liability, all of which are fully incorporated herein. Ultimately, the Court granted plaintiffs' motion for default judgment against Iran, indicating that a separate hearing on damages would be conducted. (MOO at 494.)

An evidentiary hearing was conducted on Wednesday, August 1, 2018, wherein evidence with respect to the compensatory damages was presented by the following witnesses: Jacqueline Hudgens-Spaulding (surviving spouse), Natika Monique Spaulding (surviving daughter), Michael Shermal Spaulding (surviving son), and Akeem Rapheal Salal Spaulding (surviving son). Expert witness Harvey Rosen, Ph.D., economist, also testified. Expert witness Stan V. Smith, Ph.D., economist, testified by video deposition.[3]

## II. FINDINGS OF FACT

In addition to the findings of fact already contained in the MOO, which are fully incorporated herein, based on the hearing conducted on August 1, 2018, the Court makes the following additional fact-findings relating specifically to plaintiffs' damages.

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] During the hearing on August 1, 2018, the following three (3) exhibits were identified, offered, and admitted into evidence: a photograph of Michael C. Spaulding, deceased (Doc. No. 43-1); the expert report and curriculum vitae of Harvey Rosen, Ph.D. (Doc. No. 43-2); and the deposition transcript, expert report and curriculum vitae of Stan V. Smith, Ph.D. (Doc. No. 43-3).

1. Jacqueline Hudgens-Spaulding (hereafter "Jacqueline Spaulding" or "Mrs. Spaulding") is the surviving spouse of Michael C. Spaulding, deceased. They were married on May 25, 1982. They had three (3) children together – Natika, Michael, and Akeem.

2. Michael C. Spaulding, deceased, joined the United States Marine Corps in 1980. His intent was to serve a 4-year term and then go to college using the GI Bill. He went to Beirut with his battalion on a peacekeeping mission in June, 1983. He died in Lebanon on October 23, 1983 in the Beirut barracks bombing suicide terrorist attack.

3. Mrs. Spaulding spent the first week following the explosion wondering whether Michael survived the attack because he was initially listed as missing. He was later confirmed dead. The Marines visited Mrs. Spaulding personally at home to notify her of his death. His body was returned to Akron in a coffin. Mrs. Spaulding identified Mr. Spaulding's remains upon return and testified that his body and face had been grossly destroyed by the explosion.

4. Mrs. Spaulding suffered extreme emotional pain and loss from the death of her husband. The trauma contributed to her becoming dependent on drugs and alcohol. Before she received help through treatment, she suffered significantly and spiraled into a haze of negative situations. She eventually did receive treatment and got her life together.

5. Raising three children on her own from their infancy through adulthood was challenging. Mrs. Spaulding worked night shifts and spent the daytimes taking care of her children. She had very little help from any family members. Michael's family provided almost no help because they blamed her in part for Michael's death. Mrs. Spaulding eventually remarried in 2002, nearly twenty years after Michael's death.

6. It is apparent from her testimony that Mrs. Spaulding suffered grave emotional trauma from her husband's death. She also suffered severe financial difficulties from the death. Her feelings and emotions were traumatized to the highest extent. She testified that the pain and suffering resulting from her husband's death has been almost unimaginable.

7. Natika M. Spaulding, daughter of Michael C. Spaulding, deceased, testified concerning the emotional impact of her father's death. She is married and has two (2) children. She was three (3) years old at the time of her father's death. She has no memories of him personally, but she recalls her father's funeral and witnessing the pain of family members and friends. Natika feels a range of pain and sorrow over the loss of her father. His death affected her throughout her life and in her relationships with her spouse and children. She has experienced severe pain and suffering and emotional damage as a result of her father's death.

8. Michael S. Spaulding, son of Michael C. Spaulding, deceased, testified concerning the emotional impact of his father's death. He is recently divorced; however, he still cohabitates with his ex-spouse, her son, and their three (3) children. Michael was two (2) years old at the time of his father's death and has no memory of his father. Michael testified that he has never been able to use the word "dad" during his lifetime, which has caused him severe emotional pain and suffering. Michael testified that he speaks daily to his father's spirit and would, just once, like to hear his father's voice. He has experienced severe pain, suffering, and emotional damage as a result of his father's death.

9. Akeem Spaulding, son of Michael C. Spaulding, deceased, testified concerning the emotional impact of his father's death. He is unmarried, but is the father of seven (7) children by five (5) separate mothers. Akeem was five (5) months old at the time of his father's death and his only experience of his father is through photographs. Akeem testified that, during his childhood,

he would often get into fistfights with other children over the loss of his father. It affected him throughout childhood and caused him to suffer rage. He testified that this has followed him into adulthood and has caused him to have run-ins with the law. It has affected his relationships with women and with his children. He has experienced severe pain, suffering, and emotional damage from the loss of his father. This loss has affected not only him, but also many others in his life, including his children and their mothers.

10. Dr. Harvey Rosen, Ph.D. testified as an expert witness. His credentials are significant and his testimony is admissible under Federal Rules of Evidence 701, 702, 703, 704, and 705. Dr. Rosen offered opinions within a reasonable degree of economic certainty about various types of losses suffered by the survivors of Michael C. Spaulding, deceased. In Dr. Rosen's opinion, Michael C. Spaulding's loss of future earning capacity to age 67[4] totals $3,047,480. Dr. Rosen also opined that loss of in-kind household services totals $1,047,474. (*See*, Doc. No. 43-2 at 673.) Dividing these amounts[5] in a manner that awards two shares to Jacqueline Spaulding and one share each to Natika Spaulding, Michael Spaulding, and Akeem Spaulding, these amounts break down as follows:

Jacqueline Spaulding
    Loss of future earnings                     $1,218,992.00
    Loss of in-kind services                     $418,989.60
**Total**                                                     **$1,637,981.60**

Natika Spaulding
    Loss of future earnings                     $ 609,496.00
    Loss of in-kind service                      $ 209,494.80
**Total**                                                     **$ 818,990.80**

---

[4] Age 67 was the earliest age someone born in 1961, like the decedent, could retire with full Social Security benefits. (Doc. No. 43-2 at 663.)

[5] Dr. Rosen supplied only total figures, without division among the survivors.

<u>Michael Spaulding</u>
|  |  |
|---|---:|
| Loss of future earnings | $ 609,496.00 |
| Loss of in-kind service | $ 209,494.80 |
| **Total** | **$ 818,990.80** |

<u>Akeem Spaulding</u>
|  |  |
|---|---:|
| Loss of future earnings | $ 609,496.00 |
| Loss of in-kind service | $ 209,494.80 |
| **Total** | **$ 818,990.80** |

11. Dr. Stan V. Smith, Ph.D. testified as an expert witness by video deposition pursuant to Fed. R. Civ. P. 32(a)(4). His credentials are also significant and his testimony is admissible under Federal Rules of Evidence 701, 702, 703, 704, and 705. Dr. Smith offered opinions within a reasonable degree of economic certainty about various types of losses suffered by the survivors of Michael C. Spaulding, deceased. Dr. Smith opined as to the following losses:

<u>SOLATIUM</u>
|  |  |
|---|---:|
| Jacqueline Spaulding | $12,460,579.00 |
| Natika[6] Spaulding | $ 6,230,289.00 |
| Michael Spaulding | $ 6,230,289.00 |
| Akeem Spaulding | $ 6,230,289.00 |
| **Total** | **$31,151,446.00** |

<u>LOSS OF HOUSEHOLD/FAMILY GUIDANCE SERVICES</u>
|  |  |
|---|---:|
| Jacqueline Spaulding | $1,568,544.00 |
| Natika Spaulding | $ 959,359.00 |
| Michael Spaulding | $ 947,179.00 |
| Akeem Spaulding | $ 985,179.00 |
| **Total** | **$4,460.261.00** |

<u>LOSS OF HOUSEHOLD/FAMILY ACCOMPANIMENT SERVICES</u>
|  |  |
|---|---:|
| Jacqueline Spaulding | $1,622,632.00 |
| Natika Spaulding | $ 992,441.00 |
| Michael Spaulding | $ 979,840.00 |
| Akeem Spaulding | $1,019,150.00 |
| **Total** | **$4,614,063.00** |

---

[6] Dr. Smith uniformly mistakenly identified Natika as "Nakita."

| LOSS OF SOCIETY AND RELATIONSHIP | |
|---|---|
| Jacqueline Spaulding | $2,055,473.00 |
| Natika Spaulding | $1,027,736.00 |
| Michael Spaulding | $1,027,736.00 |
| Akeem Spaulding | $1,027,736.00 |
| **Total** | **$5,138,681.00** |

(*See*, Doc. No. 43-3 at 761.)[7]

12. No objections or contrary evidence was presented by the defendant.

### III. CONCLUSIONS OF LAW

In addition to the conclusions of law already contained in the MOO, which are fully incorporated herein by reference, based on the hearing conducted on August 1, 2018, the Court makes the following additional conclusions of law relating specifically to plaintiffs' damages.

1. Under 28 U.S.C. § 1608(e), a court shall not enter a default judgment against a foreign state "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." This is the same standard for entry of default judgment against the United States set forth in Fed. R. Civ. P. 55(d). Under FSIA, a "default winner must prove damages in the same manner and to the same extent as any other default winner." *Hill v. Republic of Iraq*, 328 F.3d 680, 684 (D.C. Cir. 2003) (internal quotation marks and citation omitted).

2. "Because Iran has presented no defense, the Court will accept as true the plaintiff's uncontroverted evidence." *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 100 (D.D.C. 2000) (citations omitted).

---

[7] Dr. Smith's totals for both solatium and loss of society/relationship were each one dollar too high. The Court has corrected them.

3. Damages available under FSIA "include economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c).[8] "In any such [private right of action under the "terrorism exception"], a foreign state shall be vicariously liable for the acts of its officials, employees, or agents." *Id*.

4. "Upon obtaining a default judgment, successful plaintiffs may recover damages by proving . . . the amount of damages by a reasonable estimate." *Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 353 (D.C. Cir. 2018) (citation omitted).

5. In a default context, plaintiffs need not submit "more or different evidence than [a court] would ordinarily receive; indeed, the quantum and quality of evidence that might satisfy a court can be less than that normally required." *Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017) (quotation marks and citations omitted).

6. Based on the uncontroverted testimony and evidence submitted, as set forth herein, the Court awards compensatory damages in favor of the plaintiffs as follows:

| | |
|---|---|
| Jacqueline Spaulding | $19,345,209.60 |
| Natika Spaulding | $10,028,815.80 |
| Michael Spaulding | $10,004,034.80 |
| Akeem Spaulding | $10,081,344.80 |
| **Total** | **$49,459,405.00** |

---

[8] The survivors have expressly waived their right to an award of punitive damages. (*See* Doc. No. 39, Plaintiffs' Pre-Hearing Brief ["Pl. Brief"] at 499, n. 2.)

## IV. CONCLUSION

For the reasons set forth herein, judgment for damages in the amounts listed above is awarded to each plaintiff against the defendant, Islamic Republic of Iran.

**IT IS SO ORDERED**.

Dated: August 3, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**